UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH TYGRETT,

                        Plaintiff,

            v.

THE CITY OF NEW YORK, STEPHEN DIMASSA, OFFICER DE JESUS, JOHN DOE, RICHARD DOE, JENNIFER BECKER,

                        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
18-CV-06060 (LDH) (VMS)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

        Plaintiff Joseph Tygrett, proceeding pro se, commenced this action against Defendants the City of New York (the "City"), Stephen Dimassa, Officer De Jesus, John Doe, and Richard Roe on October 26, 2018, alleging the deprivation of his constitutional and civil rights. (Compl., ECF No. 1.) By memorandum and order dated April 10, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and granted Plaintiff leave to file an amended complaint within 30 days. (ECF No. 5.) On May 9, 2019, Plaintiff filed an amended complaint against the same Defendants, as well as Jennifer Becker. (ECF No. 6.)

        The Court assumes the parties' familiarity with the relevant facts of this case, which are set forth in the Court's April 10 memorandum and order.

**STANDARD OF REVIEW**

        A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged

misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff's factual allegations in the amended complaint are substantively identical to those set forth in the original complaint. (*Compare* Compl. ¶¶ 5–20 *with* Am. Compl. ¶¶ 5–25.) Accordingly, Plaintiff's amended claims against Defendants the City, Dimassa, De Jesus, John

Doe, and Richard Roe for false arrest, malicious prosecution, and the denial of his right to due process are dismissed for the same reasons set forth in the Court's April 10 order.[1]

As to Defendant Becker, Plaintiff fails to allege any facts to establish that she was acting under color of state law. "[A] private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Ciambriello v. Cty. Of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)). "A private actor can only be 'a willful participant in joint activity with the State or its agents' if the two share some common goal to violate the plaintiff's rights." *Betts*, 751 F.3d at 85. Here, Plaintiff suggests that Becker falsely accused him of criminal activity. (*See* Am. Compl. ¶¶ 16–17, 26–17.) "This is insufficient to state a plausible claim that [Becker] and the arresting officers shared a common goal of violating [Plaintiff's] rights." *Betts*, 751 F.3d at 86.

In his amended complaint, Plaintiff asserts additional federal claims for excessive force and municipal liability. His excessive-force claim consists of a bare legal conclusion that is not supported by any factual allegations of force used against him. (*See* Am. Compl. ¶¶ 29–30.) It is therefore implausible. *Iqbal*, 556 U.S. at 678. Nor does Plaintiff plausibly allege that an official policy or custom of the City caused a violation of his federally protected rights. He asserts no facts apart from his own arrest and detention to support his allegation of a citywide custom. (*See* Am. Compl. ¶ 36.) But "the mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least

---

[1] Plaintiff's only additional factual allegation, that Defendant Becker "has a criminal record of falsely reporting an incident" (Am. Compl. ¶ 26), does not alter the Court's conclusion that Officer Dimassa had probable cause to arrest him (Mem. & Order 4–5). Plaintiff does not allege that Dimassa knew of Becker's conviction at the time of Plaintiff's arrest. Indeed, Dimassa could not have known, given that Plaintiff was arrested on July 10, 2018 (Am. Compl. ¶¶ 14, 20), but Defendant Becker did not plead guilty to falsely reporting an incident until August 15 (*Id*. Ex. 5, ECF No. 6-1). "When determining whether probable cause exists courts 'must consider those facts available to the officer at the time of the arrest and immediately before it.'" *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002)). Therefore, Plaintiff's amended claim for false arrest is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

circumstantially, such an inference." *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)). Thus, these claims, too, fail.

## CONCLUSION

For the foregoing reasons, Plaintiff's federal claims are DISMISSED in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      July 11, 2019  LaSHANN DeARCY HALL
        United States District Judge